UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.* *ex rel.* Keith J. Edgett, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:15-CV-0434-B |
| v. | § § | |
| KIMBERLY-CLARK CORPORATION, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Kimberly-Clark Corporation, Kimberly-Clark Global Sales, L.L.C. (jointly referred to as KCC), and Halyard Healthcare, Inc. (Halyard) move to dismiss relator[1] Keith J. Edgett's First Amended *Qui Tam* Complaint. Because the Court lacks subject matter jurisdiction over Edgett's surgical-gown-related claims and because Edgett inadequately pleaded his claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b), the Court **GRANTS** KCC and Halyard's motions[2] to dismiss and **DISMISSES** Edgett's False Claims Act claims. Having dismissed Edgett's federal-law claims, the Court also **DISMISSES** his state-law claims.

---

[1] In a *qui tam* case, a person brings a law suit on behalf of the government. 31 U.S.C. § 3730(b)(1). This person is known as a relator.

[2] KCC and Halyard have each filed motions to dismiss, but each motion incorporates the arguments made in the other. Doc. 60, Kimberly-Clark's Mot. to Dismiss First Am. Compl., 1; Doc. 62, Halyard's Mot. to Dismiss First Am. Compl., 2 n.2.

# I.

# BACKGROUND

In this *qui tam* action, Edgett alleges that KCC and Halyard violated the federal False Claims Act and analogous state acts. Doc. 58, Pl.'s First Am. Compl., ¶ 1.[3] Edgett contends that KCC and Halyard defrauded various federal and state agencies by selling defective surgical gowns, including MicroCool and Ultra gowns, and other products to federal and state agencies and healthcare providers reimbursed by the state and federal government. *Id.* at ¶¶ 2–3, 97. According to Edgett, KCC and Halyard marketed the gowns as impervious to dangerous contaminants even though they knew the gowns leaked. *Id.* at ¶ 2. Edgett further maintains that KCC and Halyard marketed other products allegedly "plagued with quality issues." *Id.* at ¶ 3.

By way of background, Edgett is not the first to allege such misdeeds. In 2014, Dr. Hrayr Shahinian brought an FCA qui tam action against KCC in the Central District of California. Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 3–4. In it, Dr. Shahinian alleges that KCC sold the federal and state governments and others surgical gowns billed as impervious even though KCC knew the gowns were permeable. Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 4.

The California district court dismissed without prejudice Shahinian's First Amended Complaint on July 14, 2017. *United States ex rel. Shahinian v. Kimberly-Clark Corp.*, 2:14-cv-8313-

---

[3] The Court draws its factual account from the allegations contained in Edgett's First Amended Complaint. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that, when considering a 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

JAK-JPR (C.D. Cal. Oct. 27, 2014), Doc. 66, Order Granting Mot. to Dismiss, 4.[4] The court granted Shahinian leave to file a Second Amended complaint, *id.* at 17, which Shahinian did on July 28, 2017. *Shahinian*, 2:14-cv-8313-JAK-JPR, Doc. 70, Sec. Am. Compl. The California district court is currently considering KCC's motion to dismiss Shahinian's Second Amended Complaint. *Shahinian*, 2:14-cv-8313-JAK-JPR, Doc. 72, Mot. to Dismiss Sec. Am. Compl.

KCC and Halyard attack Edgett's First Amended Complaint in three ways. First, they ask the Court to dismiss Edgett's case under Federal Rule of Civil Procedure 12(b)(1) because the FCA's first-to-file bar deprives the Court of subject matter jurisdiction over Edgett's claims. Doc. 63, Halyard's Mot. to Dismiss First Am. Compl., 5. Second, KCC and Halyard say Edgett's complaint fails to state a claim with sufficient particularity under rules 12(b)(6) and 9(b). *Id.* at 12; Doc. 60, Kimberly-Clark's Mot. to Dismiss First Am. Compl., 13. Third, the defendants ask the Court to dismiss Edgett's complaint under the FCA's public-disclosure bar. Doc. 60, Kimberly-Clark's Mot. to Dismiss First Am. Compl., 2.

For the following reasons, the Court concludes that the first-to-file bar deprives the Court of jurisdiction over Edgett's gown-related claims and that Edgett failed to adequately plead his remaining federal claims under rules 12(b)(6) and 9(b). Because Edgett's FCA claims fail on these two grounds, the Court need not reach KCC and Halyard's public-disclosure arguments.

---

[4] We consider facts outside of Edgett's complaint as necessary to resolve the defendants' 12(b)(1) motion to dismiss. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## II.

## LEGAL STANDARDS

A.     *Rule 12(b)(1) Motion to Dismiss*

If a party moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), the Court must determine whether it has jurisdiction over the plaintiff's case. When a party mounts a "factual attack" under Rule 12(b)(1) by submitting supporting evidentiary materials, he "challenges the existence of subject matter jurisdiction in fact . . . and matters outside the pleadings . . . are considered." *Menchaca*, 613 F.2d at 511. Once a factual challenge is raised under Rule 12(b)(1), a claim may be dismissed "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In reaching its decision, "the [C]ourt is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quotation marks and citations omitted). The plaintiff—relator in this case—must establish the Cout's subject matter jurisdiction by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

B.     *Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When analyzing rule 12(b)(6) motions, courts generally consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). During this review, factual allegations must

be viewed "in the light most favorable to the plaintiffs." *Kopp v. Klien*, 722 F.3d 327, 333 (5th Cir. 2013). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) motions turn on whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Facially plausible complaints "allege more than labels and conclusions[;] . . . [the] factual allegations must be enough to raise a right to relief above the speculative level." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). If the allegations lack sufficient detail, "this basic deficiency should . . . be exposed" before the parties and court spend unnecessary time and resources on the case. *Twombly*, 550 U.S. at 558.

C. *Rule 9(b) Heightened Pleading Standard for Fraud Cases*

FCA claims must comply not only with the pleading requirements of rule 12(b)(6) but also rule 9(b)'s particularity requirements. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted). Under rule 9(b), a relator must plead "with particularity the circumstances" surrounding the alleged fraud. Fed. R. Civ. P. 9(b). Rule 9(b) thus requires relators to "set forth the who, what, when, where, and how of" the defendant's unlawful conduct. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997)). Relators must establish "facial plausibility" and "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *United States ex rel. Dekort v. Integrated Coast Guard Systems*, 705 F. Supp. 2d 519, 530 (N.D. Tex 2010). Failure to comply with rule 9(b)'s requirements

authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

## III.

## ANALYSIS

*A.   The FCA's First-to-File Bar Deprives the Court of Jurisdiction Over Edgett's Gown-Related Claims*

The FCA authorizes the federal government and private parties to bring lawsuits against persons they suspect have defrauded the government. 31 U.S.C. §§ 3729–30. The private individuals, known as *qui tam* relators, sue on behalf of the federal government, *id.* § 3730(b), and receive a monetary reward if their suit is successful, *id.* § 3730(d)(1).

But once someone files an FCA suit, the FCA forbids private persons from bringing related *qui tam* suits. The FCA states, "When a person brings an action under this subsection, no person other than the government may intervene or bring a related action based on the facts underlying the pending action." *Id.* § 3730(b)(5).

Two things must be true for the first-to-file provision to bar a relator's suit. First, the first-filed suit must be pending. A suit is "pending" if it "remains undecided but ceases to bar [a later-filed] suit once it is dismissed." *Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter*, 135 S. Ct. 1970, 1978 (2015). Second, the relator's action must be based on the facts underlying first-filed suit. A later-filed action is based on the facts underlying a pending action if "the later-filed action alleges the same material or essential elements of fraud described in the pending action." *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 (5th Cir. 2009).

In the Fifth Circuit, the first-to-file bar is jurisdictional. *Id.* Thus, courts lack subject matter jurisdiction over a relator's case if her suit is based on the same facts underlying a pending case.

"Subject matter jurisdiction is determined at the time the complaint was filed," *Home Capital Collateral, Inc. v. FDIC*, 96 F.3d 760, 762 (5th Cir. 1996) (quoting *Carney v. RTC*, 19 F.3d 950, 954 (5th Cir. 1994)), so courts look to see whether an earlier-filed, related *qui tam* suit was pending when the relator filed her complaint.

Here, a first-filed suit deprives the Court of subject matter jurisdiction over Edgett's suit. In October 2014, Dr. Hrayr Shahinian filed a qui tam action alleging that Kimberly-Clark Corporation violated the False Claims Act by selling the government surgical gowns it marketed as impervious even though Kimberly-Clark knew the gowns were permeable. Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 3–4.

First, Shahinian's *qui tam* suit was pending when Edgett filed this suit. The first-to-file bar says, "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." § 3730(b)(5). The provision refers to "action[s]." *Id.* Similarly, the Supreme Court in *Kellogg* referred to "suits." *Kellogg Brown & Root*, 135 S. Ct. at 1978. An action is a "civil or criminal judicial proceeding." *Action*, *Black's Law Dictionary* (10th ed. 2014). Because the statute forbids relators from filing qui tam actions when an "action" is pending, the action must stop pending before a new relator can file a qui tam suit based on the same facts as the first. An action is no longer pending when, and only when, it is finally decided and dismissed. *Kellogg Brown & Root*, 135 S. Ct. at 1979; *cf. Branch Consultants*, 560 F.3d at 378 n.10. (declining to decide whether a second qui tam suit can proceed if the first is a sham but indicating that the court in which first suit was filed should evaluate the first suit before a second suit can proceed).

Second, at least as to surgical gowns, Edgett "alleges the same material or essential elements

of fraud described in" Shahinian's qui tam complaint. *Branch Consultants*, 560 F.3d at 377. For example, Shahinian's *qui tam* complaint says KCC

> market[ed] and s[old] surgical gowns represented to provide the highest level of protection from the transfer of bodily fluids, bacteria, and infection between a patient and health care professional when in reality, Kimberly-Clark has known since at least as early as 2013 that these gowns failed industry standard tests and do not meet relevant standards.

Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 4. Similarly, Edgett alleges KCC

> market[ed] and s[old] surgical gowns represented to have the highest level of protection from the transfer of bodily fluids, bacteria, and infection between patients and health care professionals when in reality, [KCC has] known since at least as early as 2007 that these gowns have repeatedly failed industry tests and do not meet relevant manufacturing and safety standards.

Doc. 58, Pl.'s First Am. Compl., ¶ 65. Moreover, both Shahinian and Edgett allege that

- KCC represented that its gowns complied with industry standards, *compare* Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 12–13 *with* Doc. 58, Pl.'s First Am. Compl., ¶¶ 67, 70, 80;

- testing revealed that KCC's gowns did not comply with industry standards, *compare* Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 14–15 *with* Doc. 58, Pl.'s First Am. Compl., ¶ 107;

- KCC misrepresented the protectiveness of the gowns to the FDA, *compare* Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 13–14 *with* Doc. 58, Pl.'s First Am. Compl., ¶¶ 74, 76, 109;

- KCC knew its gowns were defective but did nothing, *compare* Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 16–18 *with* Doc. 58, Pl.'s First Am. Compl., ¶¶ 73,

>    117–18, 122–24, 136; and
>
> - that KCC's fraudulent conduct resulted in the government paying false claims, *compare* Doc. 64-1, App'x to Halyard's Mot. to Dismiss First Am. Compl., 19–21 *with* Doc. 58, Pl.'s First Am. Compl., ¶ 59.

In essence, Shihinian and Edgett allege the same fraudulent course of conduct.

That Edgett's complaint includes more detail than Shahinian's, names an additional defendant, and accuses additional gowns does not matter. Edgett cannot avoid the bar by adding detail to his complaint beyond what Shahinian included. *See Branch Consultants*, 560 F.3d at 378 ("We agree with the district court that a relator cannot avoid § 3730(b)(5)'s first-to-file bar by simply adding factual details . . . to the essential or material elements of a fraud claim . . . described in a prior compliant."). The FCA's authorizing of *qui tam* relators and its limiting of *qui tam* suits balances the government's interest in enlisting citizens to combat fraud and the competing interest in avoiding paying citizens when help uncovering fraud is not needed. *Id.* at 376. A *qui tam* relator may not "merely feed off previous disclosures of fraud." *Id.*

Here, because Shahinian and Edgett have alleged essentially the same fraud, Shahinian's suit put the government on notice of KCC's potential fraud. Edgett neither overcomes the first-to-file bar just by recounting KCC's alleged fraud in greater detail than Shahinian did nor by describing examples of the fraud Shahinian alleged. *See id.* at 378 (stating that a qui tam relator could not avoid the first-to-file bar by "simply adding factual details" or "focusing on additional instances of fraud").

Edgett's naming of Halyard as a defendant and accusing of the Ultra gowns in addition to the MicroCool gowns accused also by Shahinian is nothing more than "simply adding factual details" and "focusing on additional instances of fraud." *Id.* at 378. Though a second-filed suit might be able to

proceed that names as defendants "wholly unrelated" entities, "there might be situations in which the allegations in a first-filed complaint pertain to such a narrow or readily-identifiable group of potential wrongdoers that [the first-to-file bar] acts to bar subsequent allegations against previously unnamed defendants." *Id.* at 380. Halyard is such an entity; it is by no mean "wholly unrelated" to KCC. Rather, Halyard was formerly the KCC subsidiary that sold and marketed the accused surgical gowns. Doc. 58, Pl.'s First Am. Compl., ¶ 7. Edgett's Halyard claims are just examples of the fraud Shahinian alleged, and Shahinian's suit accusing KCC's marketing of the gowns gave the Government sufficient notice of the Halyard fraud Edgett alleges.

The same goes for Edgett's addition of the Ultra gowns. Instances of fraud pertaining to the Ultra gowns are just examples of the fraud Shahinian alleged. Shahinian's fraud allegations put the government on notice not only of defective MicroCool gowns but also of other similarly defective gowns KCC and Halyard allegedly sold to the government.

Thus, because Edgett's gown-related claims are based on the same underlying facts as Shahinian's and Shahinian's action was pending when Edgett filed suit, the Court lacks subject matter jurisdiction over Edgett's gown-related claims.

Edgett alleged also that KCC and Halyard sold the government non-gown products they knew were defective and that he was the first to file as to non-gown products. The Court does not decide whether the first-to-file bar prevents Edgett's non-gown claims from proceeding but disposes of the non-gown claims as follows.

### B. Edgett's Non-Gown Claims Fail under Rules 12(b)(6) and 9(b)

Edgett must plead each element of his FCA claims in compliance with rule 12(b)(6)'s

plausibility standard and rule 9(b)'s heightened pleading standard for fraud cases. *See Willard*, 336 F.3d at 384 ("The requirements of Rule 9(b) apply to claims under the FCA."). Those elements are "(1) a false statement or fraudulent course of conduct; (2) that was made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money (i.e., that involved a claim)." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014).

Edgett's non-gown claims fail under rules 12(b)(6) and 9(b) because Edgett simply fails to allege false statements or fraudulent courses of conduct pertaining to non-gown products. Edgett's fraud claim depends on the government receiving defective products. But Edgett fails to allege that KCC or Halyard actually sold noncompliant goods to the government. He pleads that various KCC products have problems, Doc. 58, Pl.'s First Am. Compl., ¶¶ 82, 126–29, and that products of the same kind as those suffering defects were sold to the government, Doc. 58, Pl.'s First Am. Compl., ¶¶ 156, 160, 173, 179, 180, 183. However, Edgett's complaint fails to allege the extent of the defects for any of the non-gown products. Based on Edgett's complaint, the Court cannot tell whether the government received defective products or that the government's receiving of defective products was even likely. Given Edgett's vague allegations that the non-gown products suffered widespread defects, the government could plausibly have purchased defective products. But this is a fraud case, and fraud cases require more than just plausibility. They require particularity. Fed. R. Civ. P. 9(b). With only unsupported broad assertions of defects and separate assertions of purchases and no allegations connecting the two, Edgett's complaint runs afoul of rule 9(b).

*C. The Court Declines to Exercise Supplemental Jurisdiction over Edgett's State-Law Claims*

A district court does not have to exercise supplemental jurisdiction over state-law claims if

it dismisses all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Thus, because the Court dismisses all of Edgett's FCA claims, it declines to exercise jurisdiction over Edgett's state-law claims.

## IV.

## CONCLUSION

First, under the FCA's first-to-file bar, Shaninian's *qui tam* suit deprives the Court of subject matter jurisdiction over Edgett's gown-related claims. Second, Edgett inadequately pleaded his non-gown claims under rules 12(b)(6) and 9(b). Accordingly, the Court **DISMISSES** Edgett's FCA claims under rules 12(b)(1), 12(b)(6), and 9(b) and Edgett's state-law claims under 28 U.S.C. § 1367(c)(3).

**SO ORDERED.**

**Dated: September 22, 2017**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE